IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01605-REB-PAC

LAWRENCE HERNANDEZ and the
CESAR CHAVEZ ACADEMY, INC.

    Plaintiffs,

v.

THE HARTFORD FIRE INSURANCE COMPANY,

    Defendant.

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Court enters this Protective Order concerning trade secrets, non-public, private, confidential, proprietary and/or commercial information. This Court HEREBY ORDERS THAT:

1.    This Order covers any and all trade secrets, non-public, private, confidential, proprietary and/or commercial information designated by any defendant as "Confidential." This Order includes such materials produced before or after the date of this Order including references to such information contained in depositions or other documentation.

2.    All Confidential Information produced or exchanged in the course of this litigation, whether done so pursuant to discovery, voluntarily, or by order of this Court, shall be used solely for the purpose of this litigation and for no other purpose, and shall not be disclosed to any person except in accordance with the terms hereof.

3. Confidential Information shall not be disclosed or made available by counsel for a receiving party to persons other than Qualified Persons.

4. "Qualified Persons" as used herein, means:*

   a. Attorneys of record in this litigation, other attorneys for parties to this litigation, and regular employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

   b. Independent third parties retained by attorneys of record in this litigation for the purpose of discovery, preparation for trial of this litigation, including experts;

   c. Any other person who is designated as a Qualified Person by stipulation of the parties or by Order of this Court, after notice to all parties; and

   d. Any witness being deposed by any party in this case, including experts.

All "Qualified Persons" shall be advised of the confidential and proprietary nature of this Confidential Information and shall be subject to the terms and conditions of this Protective Order.

5. If any party wishes to use or inquire at any deposition concerning documents, material, or information designated as "Confidential", the portion of the deposition transcript that would disclose such documents, or information shall be designated as "Confidential" and subject to the confidentiality provisions thereof.

6. All copies or reproductions of Confidential Information released in the course of discovery are to be treated as confidential and are subject to the provisions of this Protective Order.

\* Until further order of the court, the billing records will be produced "for attorneys' eyes only."

2

7. Nothing herein shall prevent disclosure beyond the terms of this Order if each and every party consents in writing to such disclosure, or if this Court, after notice to all affected parties, orders that such disclosure be permitted.

8. This Protective Order is intended to regulate the handling of Confidential Information throughout the pretrial, trial and post-trial periods of this matter, including after the conclusion of this litigation. It shall remain in force and effect thereafter until modified, superseded, or terminated on the record by Order of the Court.

9. At the conclusion of this litigation, or the settlement thereof, plaintiffs and/or their counsel shall destroy each and every document marked "Confidential" that they have received or made or which have been provided to others involved in this litigation. This destruction of these documents shall occur within thirty (30) days of the conclusion of this case, or its settlement. At the time of the destruction of the documents, plaintiffs' counsel shall send a letter to counsel for the defendants confirming that these documents have been destroyed in accordance with this stipulation

10. Disclosure or release of any Confidential Information, whether done so voluntarily, through discovery, or by order of this Court, does not constitute a waiver of any releasing or disclosing party's right to object to the admission or use of such Confidential Information at a hearing or trial of this matter.

Dated this 1st day of August, 2006.

S/ PATRICIA A COAN
U.S. District Court ~~Judge~~ MAGISTRATE JUDGE

3