**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-01605-REB-PAC

LAWRENCE HERNANDEZ, and
CESAR CHAVEZ ACADEMY, INC.,

    Plaintiffs,

v.

THE HARTFORD FIRE INSURANCE COMPANY,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is **Defendant's Combined Motion for Summary Judgment and Brief in Support** [#31], filed June 30, 2006.  I grant the motion.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED.R.CIV.P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d

1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Concrete Works**, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 120 S.Ct. 334 (1999).

### III. ANALYSIS

Plaintiff Lawrence Hernandez is the founder, chief executive officer, director, and president of Cesar Chavez Academy ("the Academy") in Pueblo, Colorado. Plaintiff is also the founder of the Latino Development Group, a business that develops and administer a state-supervised alternative licensing program for teachers. In July, 2001, the Academy's Board of Directors authorized the school to enter into a contract with the Latino Development Group to train teachers at the Academy. Plaintiff subsequently

was paid $6,000 for services rendered pursuant to that contract.  Thereafter, certain members of the Board entered into a contract with Alvin Rivera to organize community and political efforts to have plaintiff removed from his position at the Academy.

Plaintiff filed suit against Rivera and the former Board members in Colorado state district court, alleging causes of action for defamation, interference with business relations, and invasion of privacy.  Rivera filed a counterclaim against plaintiff alleging that plaintiff had instigated the lawsuit in retaliation for Rivera's exercise of his First Amendment rights of free speech.  Plaintiff submitted the claim to defendant for a defense under the terms of the Academy's Educators Legal Liability Coverage Form Claims Made policy.  Defendant denied that it had any duty to defend under the policy.  This lawsuit ensued.

Under Colorado law, the insurer's duty to defend depends solely on the allegations of the complaint in the underlying action.  ***Cotter Corp. v. American Empire Surplus Lines Insurance Co.***, 90 P.3d 814, 827 (Colo. 2004).  "[A] duty to defend arises when a complaint includes any allegations that, 'if sustained, would impose a liability covered by the policy.'" ***Id.*** (quoting ***Hecla Mining Co. v. New Hampshire Insurance Co.***, 811 P.2d 1083, 1089 (Colo. 1991)).  The burden is on the insured to prove that the suit arguably comes within the scope of the policy's coverage.  ***See Cyprus Amax Minerals Co. v. Lexington Insurance Co.***, 74 P.3d 294, 301 (Colo. 2003); ***Compass Insurance Co. v. City of Littleton***, 984 P.2d 606, 614 (Colo. 1999).  If the insured meets this burden of proof, the burden shifts to the insurer to prove that coverage is excluded under an applicable exclusion in the policy.

***Troelstrup v. District Court In and For City and County of Denver***, 712 P.2d 1010, 1012-13 (Colo. 1986); ***Hecla Mining Co.***, 811 P.2d at 1089 n.9.

Defendant argues primarily that it has no duty to defend plaintiff in the underlying lawsuit because the counterclaim does not allege the commission of a "wrongful act" as defined by the policy. (***See*** Def. Motion App., Exh. A-1 at HT000180, § I.1.a) (providing that defendant "will pay, on behalf of the insured, all sums which the insured shall become legally obligated to pay as 'loss' because of any 'wrongful act' to which this insurance applies"). However, assuming *arguendo* that plaintiff can prove that Rivera's counterclaim comes within the coverage of the policy, I nevertheless conclude that the policy's exclusion of "[a]ny 'loss' or injury expected or intended from the standpoint of the insured" absolves defendant of any duty to defend in this case. (***Id.***, Exh. A-1 at HT 000181, § I.2.a.)

Rivera's counterclaim alleges that plaintiff instituted the suit "to quiet Mr. Rivera's opposition to Plaintiff's role as director of Cesar Chavez Academy" and "in retaliation for [Rivera's] exercise of his constitutional right of free speech and to petition the government for redress of grievances." (***Id.***, Exh. A-2 at 3, ¶¶ 14 & 15.) The filing of the lawsuit itself is alleged to be the basis of Rivera's injuries. (***Id.***, Exh. A-2 at 4, ¶ 16.) "Retaliation is, by definition, an intentional act." ***Jackson v. Birmingham Board of Education***, 544 U.S. 167, 173-74, 125 S.Ct. 1497, 1504, 161 L.Ed.2d 361 (2005). Given the allegations of the counterclaim and the unambiguous terms of the policy, coverage clearly is excluded. Consequently, defendant has no duty to defend plaintiff in that suit.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Combined Motion for Summary Judgment and Brief in Support** [#31], filed June 30, 2006, is **GRANTED**;

2. That plaintiffs' claim against defendant is **DISMISSED WITH PREJUDICE**;

3. That judgment **SHALL ENTER** on behalf of defendant, The Hartford Fire Insurance Company, and against plaintiffs, Lawrence Hernandez and Cesar Chavez Academy, Inc.;

4. That the Trial Preparation Conference, currently scheduled for Friday, March 9, 2007, at 9:00 a.m., as well as the trial, currently scheduled to commence on Monday, March 26, 2007, are **VACATED**; and

5. That defendant is **AWARDED** its costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated February 16, 2007, at Denver, Colorado.

                                      **BY THE COURT:**

                                      **s/ Robert E. Blackburn**
                                      **Robert E. Blackburn**
                                        **United States District Judge**